**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
---

MARK LEVENSON,

                            Plaintiff,

            - v -                                          Civ. No. 1:12-CV-1298
                                                                           (GLS/RFT)

HOME DEPOT U.S.A., INC.,

                            Defendant.
---

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION AND ORDER

    This case has experienced a lively pre-trial litigation stage with multiple discovery conferences, generating an equal number of discovery orders and amendments to the Scheduling Order. All of this activity now culminates into Levenson's Motion to Compel/ Sanctions pursuant to Federal Rule of Civil Procedure 37. Dkt No. 23, Pl.'s Mot. to Compel, dated Oct. 28, 2013. By his Motion, Levenson's seeks (1) further documentation regarding fallen rakes, (2) another Rule 30(b) witness deposition, and (3) an opportunity to serve a liability expert. *Id.* Home Depot opposes the Motion. Dkt. No. 31, Def.'s Opp'n, dated Dec. 13, 2013. For the following reasons, Levenson's Motion is **granted in part and denied in part**.

# I. LITIGATION BACKGROUND

## A. Scheduling Orders

Although the parties should be familiar with the Scheduling and Discovery Orders, it is incumbent that this case history be told in order to appreciate the Court's following rulings. The Court starts with the Scheduling Order.

Pursuant to the joint Civil Case Management Plan, the parties suggested a discovery deadline of June 28, 2013, which would have allowed only six months for both fact and expert discovery. Dkt. No. 4, Civil Case Mgm't Plan, dated Dec. 17, 2012. During the Rule 16 Conference, the Court advised the parties that six months was an insufficient period for discovery and, therefore, extended the discovery period an additional ninety (90) days. When the Scheduling Order was issued, the discovery deadline was set at September 20, 2013, and Levenson's date to serve his expert report was June 24, 2013. Dkt. No. 6, Sched. Order, dated Jan. 3, 2013. Two days shy of Levenson's deadline to serve his expert reports, a joint request for a one month extension of all deadlines was filed. Dkt. No. 11, Pl.'s Lt.-Mot, dated June 21, 2013. Said request was granted and the new discovery deadline became October 18, 2013, and Levinson's expert reports would have been due on July 24, 2013. Dkt. No. 12, Text Order, dated June 21, 2013. Equally important was the Court's admonition that "NO FURTHER EXTENSIONS" would be considered. *Id*. This warning was

repeated twice in subsequent Discovery Orders. On August 8th, the Court reminded the parties of the October 18, 2013 deadline and stated "that there will be no further extension." Dkt. No. 17, Disc. Order, dated Aug. 8, 2013, at p. 3. And, on October 16th, on the eve of the discovery deadline, the Court reiterated the message that no extensions would be granted. Dkt. No. 20, Disc. Order, dated Oct. 16, 2013, at p. 1. Considering these three notices, the parties were or should have been keenly aware of the respective discovery deadlines and their corresponding obligations thereunder.

### B. Prior Discovery Orders

On July 25, 2013, Levenson filed a Status Report replete with outstanding discovery matters. Dkt. No. 13, Pl.'s Status Rep. Immediately thereafter a telephonic Hearing was held on the record, and the Court made several Rulings which were delineated in a Discovery Order. See Dkt. No. 17, Disc. Order, dated Aug. 8, 2013. Relevant to today's discussion, Levenson was seeking any and all documents regarding prior incidents of falling objects at any Home Depot. *See* Dkt. No. 23-5, Pl.'s Demand to Produce. It appears that Levenson's original Demand was modified to seek those recordings found within Home Depot's database. Dkt. No. 13 at p. 2. Home Depot complained that the Demand was overbroad and sought irrelevant information. After hearing the parties, the Court reduced the scope of this Demand and directed "Home Depot [to]search its accident or incident database for a period of

two years prior to the incident relative to rakes falling from their displays." Dkt. No. 17 at ¶ 7.

Yet further discovery challenges laid ahead. On October 16, 2013, the eve of the discovery deadline, Levenson complained that Home Depot had yet to respond to Items 4, 5, and 7 of the August 8th Discovery Order. Dkt. No. 18, Pl.'s Lt.-Mot., dated Oct. 15, 2013. Likewise, Home Depot outlined Levenson's failure to properly respond to document demands and other sundry discovery issues. Dkt. No. 19, Def.'s Resp., dated Oct. 16, 2013. Because the Court had no intentions of extending the discovery deadline, and only two days remained for that purpose, the Court issued another Order *sua sponte*. Dkt. No. 20, Disc. Order, dated Oct. 16, 2013, at pp. 1-2. The Court directed Home Depot to provide those items by October 18, 2013, *id.* at p. 2, and further advised the Defendant that it need not respond to Levenson's October 3, 2013 Demand to Produce because it was served untimely. Lastly, another telephone conference was held on October 18th.

## II. DISCUSSION

### A. Fallen Rakes

To reiterate, the Court ordered Home Depot to search its database for prior fallen rakes incidents. Dkt. No. 17. On October 16th, the Court sternly repeated that direction. On October 18th, Home Depot responded by identifying, from its database,

seven stores where fallen rakes may have occurred. Dkt. No. 23-1, Charles N. Rock Esq., Cert., dated Oct. 28, 2013, at p. 3. Not disclosed were the particulars of those seven incidences. Levenson complains that he received Home Depot's Supplemental Response with this information by an "email on October 18th at 4:58 p.m., two minutes before the close of discovery, leaving plaintiff no time for follow up disclosure." *Id*. at p. 3. Levenson slams Home Depot's response as "unsatisfactory and smack[ing] of bad faith." *Id*.

Home Depot's Counsel avers that the Supplemental Response complied with the Court's directive, that is, it provided information directly from the database as Levenson had sought. Dkt. Nos. 31, Stephen F. Willig, Esq., Affirm., dated Dec. 13, 2013, at ¶ 6; 13, Pl.'s Lt. at p. 2, ¶ 3(d) ("Home Depot's database regarding falling object injuries"). And, Home Depot further noted that there was no direction to serve the Supplemental Response before 5 p.m. *Id*. at ¶ 4.

First, even if Levenson had received the Supplemental Response earlier on October 18, 2013, he could not have engaged in any further discovery on this or any other matter. Because no further extensions would have been permitted, and consistent with the Court's handling of Levenson's October 3, 2013 Demands, any further demands would have been nullified as untimely. *See* Dkt. No. 20 at pp. 2-3.

Second, although rail thin on information, Home Depot essentially complied

with the Court's Orders by searching its database and providing the serial numbers and the states where prior incidents of fallen rakes occurred within the past two years. Although it would have saved considerable consternation had more information been provided, it is not necessarily assured that the additional information would have been beneficial or even admissible, because there is no promise that those other incidents occurred in a similar fashion to that alleged event experienced by Levenson. Furthermore, because the information was being gleaned from the database, and we do not know what would be stored therein, there rests uncertainty whether greater specifics were available at all. Although the parties did not confer on assessing further information, Home Depot offers to provide the dates and times of the other seven incidents and a description of what happened. Willing Affirm. at ¶ 8. Accordingly, Home Depot shall provide this information to Levenson within fifteen (15) days of the filing of this Memorandum-Decision and Order.

Third, the Court will not grant a Rule 30(b) deposition on these seven incidents. It is absurd to think that one witness could testify intelligently about seven different incidences occurring at different times and across multiple states. The Court concurs with Home Depot that there is "no single Home Depot witness who would have knowledge of each incident, other than to repeat what is in Home Depot's data." Willig Affirm. at ¶ 12. And, the viability of such testimony is highly suspect.

Therefore, the Court denies the request for a 30(b) deposition witness on this matter.

## B. General Liability Folder

The General Liability Folder was produced as a part of Home Depot's Initial Disclosure. However, the front page was missing and was not produced until September 13th. This front page form "has a flow chart for employees to follow when a customer is injured." Rock's Cert. at p. 4, Ex. 6. The Court views the form as akin to a checklist. Levenson claims that Home Depot's witness, Frank Boularis, who was deposed on March 13th, may have completed this form. This form was not available when Boularis was deposed and Levenson contends that he has been prejudiced by the delay and thus aggrieved. Home Depot's Counsel avers that the failure to produce the front cover page of the claim folder was an oversight that was immediately remedied once it was brought to her attention. Laurie Beatus Affirm., dated Dec. 13, 2013, at ¶ 3. Despite not receiving the page until September 10, Levenson never asked for further testimony nor did he served any interrogatory or notice to admit relative to the one-page form. Willing Affirm. at ¶ 11.

Conceivably, and at the very least, it could have been of some benefit to have had the form during Boularis's testimony in order to put this matter to rest, but Levenson never made a follow-up request nor brought it to the Court's attention so that it could have been immediately rectified. Nonetheless, the Court wonders what

would be the value of such a further and limited deposition as to this document. The form does not indicate that an investigation was conducted. Even if Boularis was provided with the form, it would have been of little moment because Boularis testified that after the accident he only went back to the bay where the rakes were, suggesting at best, an extremely cursory investigation. Moreove, he did not form any opinion as to why the rakes may have come down. Rock's Cert. at p. 4; Dkt. No. 23-8, Boularis Dep. at pp. 18-21. The Court finds that Levenson is not prejudiced by this oversight. Claims of tactical delay notwithstanding, the Court does not believe that this was an intentional ploy to impede or undermine Levenson's discovery efforts. The Court does not find that this rises to a sanctionable offense.

### C. Liability Expert

Our previous deadlines and admonitions notwithstanding, Levenson has not filed a liability expert, and yet he asks this Court to provide him with another opportunity. A liability expert may be relevant only to the incident set forth in the Complaint. Recent disclosures about incidents in seven different stores in seven different states are marginally significant at best. They may suggest that Home Depot may have had notice of prior rake display mishaps but an expert would not be needed to opine on this possible admissible evidence. That would be left to a jury to decide. Levenson knew or should have known that he needed an expert when he filed his

Complaint. *See* Civil Case Mgm't Plan at ¶ F. All of his expert reports were originally due on June 24, 2013. Levenson then sought a month extension to serve his expert reports on July 24, 2013, which was granted. Even after deposing Boularis in March, 2013, he had to know then that a liability expert may be helpful. Although he now has identified an expert, Levenson's dilatoriness precludes him for presenting such proof. The Court stated three times that it did not intend to extend the discovery deadline and I stand by that direction. Further, the Court does not intend to countenance Levenson's belated request for a "brief amount of time to retain a liability expert." The request is denied.

### D. Sanctions

It would have been preferable if Home Depot could have provided the information from its database earlier. But the Court never declared during earlier Hearings or by Discovery Orders that Home Depot had done anything egregiously wrong. Upon reflection of all that has transpired, and the Rulings above, the Court finds that sanctions are unwarranted.

### E. Scheduling Order

The Scheduling Order is amended to set the final day to file dispositive motions as February 7, 2014.

**IT IS SO ORDERED**.

January 3, 2014
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge